IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SHERRELL STEINHAUER** and **JOANNE STEINHAUER,**

       Plaintiffs,

v.

**LIBERTY MUTUAL INSURANCE COMPANY,**

       Defendant.

No. 3:18-cv-01416-JR

OPINION AND ORDER

**MOSMAN, J.,**

On May 21, 2019, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation (F&R) [28], recommending that I DENY Plaintiffs' Motion for Partial Summary Judgment [9]. Plaintiffs filed Objections to the F&R [31] and Defendant filed a Response to Plaintiffs' Objections [32].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

1 – OPINION AND ORDER

court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

The Steinhauers moved for partial summary judgment, asking the court to declare that their insurance policy with Liberty "provides for immediate payment to the Steinhauers of the wrongfully withheld depreciation, and remaining benefits due and owing under Loss of Use coverage." Pls.' Mot. for Partial Summ. J. [9] at 2. Judge Russo found summary judgment was not warranted because the policy was not ambiguous, the language and requirements in the policy were clear, and the Steinhauers had not demonstrated that no questions of fact remain. F&R [28] at 13.

The Steinhauers make three clear objections to the F&R. First, the Steinhauers argue they qualify for immediate payment of the replacement cost value of their home because repairs are complete. This argument is unavailing because, as Liberty correctly points out, it is a different request than the original motion for partial summary judgment's request for declaratory judgment. The Steinhauers' initial request asked the court to find that the policy was ambiguous and to interpret it in their favor, not to order immediate payment. Pls.' Mot. for Partial Summ. J. [9] at 2.

The Steinhauers next claim the F&R commits error by "Trusting Liberty Mutual's False Depiction of Its Own Accounting." Obj. [31] at 3–4. This is incorrect. The numbers provided to the Steinhauers by Liberty and cited in the Steinhauers' objection are estimates. Def.'s Resp.

to Obj. [32] at 6–7. The Steinhauers' disagreement with Liberty over whether the numbers are binding or not constitutes a disputed material fact and precludes summary judgment.

The Steinhauers next disagree with Judge Russo's finding that the policy is not ambiguous. After reviewing the F&R and the language of the policy, I agree with Judge Russo. Finally, the Steinhauers raise several other arguments which are not objections, just arguments for what they feel they are entitled to based on the policy. Because I agree with Judge Russo that triable issues of fact remain, I also find summary judgment is inappropriate at this juncture.

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation and I ADOPT the F&R [28] as my own opinion. Plaintiffs' Motion for Partial Summary Judgment [9] is DENIED.

IT IS SO ORDERED.

DATED this 2⁄ day of August, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge