IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SHERRELL STEINHAUER and JOANNE STEINHAUER,

          Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

          Defendant.

Case No. 3:18-cv-01416-JR

OPINION AND ORDER

**MOSMAN, J.,**

On August 12, 2020, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F. & R.") [99]. Judge Russo DENIED Defendant's Motion to Strike [94] and DENIED Plaintiffs' Motion to Amend [70]. Additionally, Judge Russo recommended that I DENY both of Plaintiffs' Motions for Partial Summary Judgment [66, 70] and GRANT Defendant's Motion for Summary Judgment [68]. Plaintiffs filed Objections [101], and Defendant filed a Response to Plaintiffs' Objections [102].

**DISCUSSION**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

This case arises out of an insurance dispute. Liberty Insurance Corporation ("LIC") provided an insurance policy to the Steinhauers. Calvin Vance Decl. [71] Ex. 1.[1] But rather than sue LIC, the Steinhauers sued Liberty Mutual Insurance Company ("Liberty Mutual"). Liberty Mutual immediately alerted the Steinhauers of their mistake, expressly informing the Steinhauers that LIC, a "separate entity," had issued the policy. Answer [4] at 2. Liberty Mutual also raised the defense that it "has no contractual relationship with plaintiffs and is improperly named as a defendant." *Id.* at 5. Now, Liberty Mutual moves for summary judgment, in part on the ground that it is not a party to the insurance contract. Def.'s Mot. Summ. J. [68] at 18–24.

Judge Russo agreed that the Steinhauers sued the wrong defendant, denied the Steinhauers' motion to amend their complaint to include the correct defendant, and recommended that summary judgment be granted in favor of Liberty Mutual and this case

---

[1] Specifically, on page three of the document entitled "Policy Declarations," it states that the policy is "provided and underwritten by Liberty Insurance Corporation." On the first page of the document entitled "Homeowners 3 — Oregon," it states: "We will provide the insurance described in this policy . . . ." "We" is defined as "the Company providing this insurance."

2 – OPINION AND ORDER

dismissed. F. & R. [99] at 10–14. If I agree with Judge Russo on these points, then the additional issues raised in the various motions are moot.

The Steinhauers urge me to reject these points for three reasons. First, they argue that Liberty Mutual is, in fact, the correct defendant. Objs. [101] at 11–13. Second, they argue that even if Liberty Mutual is not the correct party, Liberty Mutual has waived this defense. *Id.* at 4–9. Finally, the Steinhauers argue that even if Liberty Mutual is not the correct party, and even if Liberty Mutual did not waive this defense, they should be allowed to amend their complaint under Fed. R. Civ. P. 15(a). *Id.* at 15–18. I reject these arguments in turn.

### I.     The Steinhauers sued the wrong party.

First, the Steinhauers argue that they sued the correct party, pointing out that they responded to Liberty Mutual's television advertisements, paid premiums to Liberty Mutual, had always communicated with Liberty Mutual, and had never heard of LIC. *Id.* at 11–13. At the very least, according to the Steinhauers, whether they sued the correct party is a genuine issue for trial. *Id.* at 13.

As to the Steinhauers' main argument, I agree with Judge Russo: even if, at the time they filed their complaint, they were justifiably confused as to whom to sue, "the subsequent answer alerting plaintiffs to the correct issuer of the policy negates that confusion." F. & R. [99] at 11.

As to the Steinhauers' secondary position—that a genuine dispute exists for trial—I disagree. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018). As noted above, LIC, not Liberty Mutual, provided the insurance policy. Judge Russo correctly observed that "[n]owhere in the insurance agreement does it identify defendant Liberty Mutual Insurance Company as a party to the contract with any

legal obligation to provide insurance in the event of the loss alleged in the complaint." F. & R. [99] at 13. And as the Steinhauers' own exhibits make clear, LIC is an entity separate from Liberty Mutual. *Compare* Vance Decl. [71] Ex. 3 (LIC is domiciled in Illinois), *with id.* Ex. 2 (Liberty Mutual is domiciled in Massachusetts). The Steinhauers failed to produce evidence of a genuine dispute.

## II.    Liberty Mutual did not waive its defense.

Second, the Steinhauers claim that Liberty Mutual, by continuing to negotiate and litigate, may no longer argue that it is not the proper defendant. Objs. [101] at 4–9. But Liberty Mutual has consistently made this argument throughout the proceedings. In August 2018, Liberty Mutual raised the defense that it "has no contractual relationship with plaintiffs and is improperly named as a defendant." Answer [4] at 5. In April 2019, Liberty Mutual reminded Plaintiffs' counsel that the policy was provided by LIC, not Liberty Mutual. Stuart D. Jones Decl. [69] Ex. 2, at 1. In February 2020, Liberty Mutual filed for summary judgment on this issue. Def.'s Mot. Summ. J. [68] at 18–24. Far from waive this defense, Liberty Mutual transparently and consistently raised it throughout the course of these proceedings.

## III.    The Steinhauers should not be permitted to amend their complaint.

Third, the Steinhauers argue that they should be allowed to amend their complaint under Rule 15(a). Objs. [101] at 15–18. But the Steinhauers fail to account for Rule 16(b). If a party seeks to amend *after* the deadline specified in the scheduling order, the party must satisfy Rule 16's "good cause" standard. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4). In this case, the parties were ordered to "[j]oin all claims, remedies, and parties" by November 26, 2018. Disc. and Pretrial Sched. Order [3].

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "Failing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence." *Id.* If the party was not diligent, then the party cannot show good cause, and the motion to amend should be denied. *Id.*

Here, the Steinhauers repeatedly failed to heed clear and repeated signals that they had sued the wrong party. Liberty Mutual first informed the Steinhauers of their mistake on August 3, 2018, before the scheduling order's deadline of November 26 to join parties. Answer [4] at 2. At that point, the Steinhauers had almost four months to amend their complaint under the more liberal Rule 15(a). Instead, they waited a year and a half, and now they must show good cause under Rule 16(b). In April 2019, the Steinhauers were again informed they had the wrong party. Jones Decl. [69] Ex. 2, at 1. Rather than investigate or attempt to fix the issue, Plaintiffs' counsel referred to Liberty Mutual's legally cognizable defense as "a dumb position" and "grade school nonsense." *Id.* Ex. 3, at 1. Still, they did not move to amend. Since the Steinhauers failed to exercise diligence, they cannot show good cause, and Judge Russo correctly denied their motion to amend.

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation and I ADOPT the F. & R. [99] as my own opinion. Liberty Mutual's Motion for Summary Judgment [68] is GRANTED, the Steinhauers' Motions [66, 70] are DENIED, and the case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 25th day of [September], 2020.

                                              MICHAEL W. MOSMAN
                                              United States District Judge